# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: S.H.-1, B.H., and S.H.-2

No. 16-0975 (Barbour County 16-JA-8, 16-JA-9, & 16-JA-10)

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother B.W., by counsel Aaron P. Yoho, appeals the Circuit Court of Barbour County's September 15, 2016, order terminating her parental rights to one-year-old S.H.-1, two-year-old B.H., and three-year-old S.H.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary S. Nelson, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for an improvement period and in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2016, the DHHR filed an abuse and neglect petition against petitioner alleging that she failed to protect her children. The DHHR also alleged that petitioner was unable to appropriately care for her children because she was addicted to drugs. Thereafter, petitioner stipulated to the conditions of abuse and neglect as alleged in the petition.

In June of 2016, the guardian filed a court summary that indicated that petitioner's supervised visitation had been suspended. Furthermore, while petitioner participated in services, she admitted that she was not fully compliant with drug screens, and that she has had some "slip ups" staying drug free. The following month, the guardian filed a second court summary that indicated that petitioner was not compliant with any drug screens, and that the parties have not been able to verify that petitioner attended counseling services.

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Because two of the children share the same initials, we will refer to them as S.H.-1 and S.H.-2, respectively, throughout the memorandum decision.

1

Thereafter, the circuit court held a dispositional hearing during which it heard testimony from several witnesses. Specifically, the circuit court heard testimony that petitioner failed to participate in drug screens and that she admitted that she used marijuana, methamphetamines, and tramadol during the underlying proceedings. Based on those findings, the circuit court terminated petitioner's parental rights to the children.[2] This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. We disagree. To begin, petitioner does not cite to a single case in support of her arguments. This is in direct contradiction to this Court's Rules of Appellate Procedure and specific directions issued by administrative order.

Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact *and law* presented, the standard of review applicable, *and citing the authorities relied on* . . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(emphasis added). Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, then-Chief Justice Menis E. Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail

---

[2]The parental rights of both parents to all of the children were terminated below. The children's father has not appealed the termination of his parental rights. According to the guardian, as of the filing of her response brief, the children were placed in a kinship foster home with a permanency plan of adoption by their maternal aunt.

to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules.

Here, petitioner's brief is wholly inadequate. While it appropriately cites to the applicable standard of review on appeal, it lacks citation to any other relevant legal authority in support of petitioner's argument. Thus, petitioner's assignment of error was not properly developed on appeal. Nonetheless, this Court has reviewed the record on appeal in this matter and determined that the circuit court committed no error. Pursuant to West Virginia Code § 49-4-610(2)(B), a circuit court may grant an improvement period when "[t]he [parent] demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period[,]" among other requirements. While it is true that petitioner participated in some services, she also admitted that she was not compliant with drug testing and did not remain drug free. Specifically, the circuit court heard testimony that petitioner tested positive for marijuana, methamphetamine, and tramadol. As such, it is clear that petitioner failed to meet her burden of establishing that she was likely to fully comply with a post-adjudicatory improvement period.

Petitioner also asserts that the circuit court erred in terminating her parental rights. As to disposition, the record is similarly clear that the circuit court was presented with sufficient evidence upon which to base termination of her parental rights, specifically, the circuit court also heard evidence that petitioner failed to submit to multiple drug screens during the underlying proceedings and admitted to using marijuana, methamphetamine, and tramadol. Furthermore, the circuit court found that petitioner failed to acknowledge that her drug use affected the children. Pursuant to West Virginia Code § 49-4-604(c)(1), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which "[t]he abusing parent . . . have habitually abused or are addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired[.]" Based upon petitioner's admission that she used drugs during the underlying proceedings, and her failure to acknowledge that her drug use affected the children, it is clear that the circuit court was presented with sufficient evidence that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected. Moreover, the circuit court was presented with substantial evidence that termination of petitioner's parental rights was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate a parent's parental rights upon such findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 15, 2016, order is hereby affirmed

Affirmed.

**ISSUED**: May 22, 2017

3

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker